UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ANTONIO MCQUEEN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:22-cv-00276-LEW |
| | ) | |
| RANJIT SINGH, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Plaintiff alleges statutory and constitutional violations related to his prior housing, which was evidently arranged through a social service organization in Cumberland County. (Complaint, ECF No. 1.) Plaintiff joins two alleged owners of the property as defendants.

Plaintiff also filed a motion to proceed without prepayment of fees and costs, which motion the Court granted. (Motion, ECF No. 2; Order, ECF No. 3.) In accordance with the statute that governs claims in which a party is relieved of the obligation to pay the filing fee, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

After a review pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint.

## DISCUSSION

The governing statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding under the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails

to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations." *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

While Plaintiff recites various complaints about the conditions of the property and the treatment of him and his family during a series of disputes with Defendants and other individuals, Plaintiff's primary legal contention is that Defendants did not accommodate his disability and wrongfully initiated eviction proceedings against him. Plaintiff asserts Defendants' conduct constitutes unlawful disability discrimination, mail fraud, constitutional violations, and statutory violations.

Plaintiff's housing discrimination allegations could conceivably support a claim under Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, 12132, under the Rehabilitation Act, 29 U.S.C. §§ 701, 794, or under the Fair Housing Amendments Act, 42 U.S.C. § 3604(f). In addition, a claim of discrimination might warrant consideration under the statute authorizing a civil action for a civil rights violation, 42 U.S.C. § 1983.

To state a claim under Title II of the ADA, a plaintiff must allege: (1) that she or he is a qualified individual with a disability; (2) that she or he was excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of her disability. *Buchanan v. Maine*, 469 F.3d 158, 170-71 (1st Cir. 2006) (employment); *see also McGary v. City of Portland,* 386 F.3d 1259, 1265 (9th Cir. 2004) (housing). A claim of housing discrimination under the Rehabilitation Act requires substantially similar allegations. *Duvall v. County of Kitsap,* 260 F.3d 1124, 1135 (9th Cir. 2001) (housing). Claims of discrimination based on a failure to accommodate, which might arise under the ADA, the Rehabilitation Act, and the FHAA, require allegations (1) that the plaintiff suffers from a handicap; (2) that the defendant knew

3

or reasonably should have known of the handicap; (3) that a reasonable and necessary accommodation of the handicap was requested by the plaintiff to afford the plaintiff an equal opportunity to use and enjoy the housing in question; and (4) that the defendant refused to provide an accommodation. *Astralis Condo. Ass'n v. Sec'y, U.S. Dep't of Hous. & Urban Dev.*, 620 F.3d 62, 67 (1st Cir. 2010). *See also*, *e.g.*, *Nunes v. Mass. Dep't of Corr.*, 766 F.3d 136, 145 (1st Cir. 2014) (outlining the "several different types of claims of disability discrimination").[1]

Here, although Plaintiff alleges he is disabled and that Defendants have discriminated against him, including by failing to accommodate his disability, Plaintiff has not alleged facts from which one can reasonably discern the manner in which Plaintiff's disability informed Defendant's decisions, including the decision to intitiate eviction proceedings. For example, Plaintiff does not describe the specific accommodations that were necessary, explain how those accommodations were reasonable or available under the circumstances, allege that he clearly requested the necessary specific accommodations from Defendants, or represent that Defendants failed to participate in the interactive process following Plaintiff's request. *See Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 795 (1st Cir. 1992) (requiring a a sufficiently direct and specific request for special

---

[1] Plaintiff alleges that Defendants owned or operated a hotel in Scarborough, Maine. The federal disability discrimination statutes ordinarily permit different remedies and impose somewhat different obligations on public entities or private businesses accepting public funds than on private businesses providing public accommodations, such as hotels. *See e.g.*, *Shuper v. Fed. Mgmt. Co.*, No. 2:10-CV-205-GZS, 2010 WL 3702364, at *4 (D. Me. Aug. 9, 2010) (discussing differences between ADA Title II and Title III claims and noting that residential housing facilities normally do not fall within the scope of Title III definitions). Because it appears the hotel was acting as a housing shelter and that Plaintiff was placed there by a social services organization, this analysis assumes the more stringent protections and remedies apply.

accommodations because "an . . . institution can be expected to respond only to what it knows (or is chargeable with knowing)"); *Astralis Condo. Ass'n,* 620 F.3d at 67–68 n.3 (1st Cir. 2010) (discussing the requirement that an FHA plaintiff "show that he requested a particular accommodation that is both reasonable and necessary to allow him an equal opportunity to use and enjoy the housing in question" and noting that "[t]he HUD guidelines contemplate that parties may engage in an 'interactive process' to discuss the need for the accommodation and possible alternatives if the housing provider refuses to grant a requested accommodation on the ground that it is not reasonable"). Plaintiff, therefore, has not alleged an actionable discrimination claim.

To the extent Plaintiff attempts to allege other theories of recovery, Plaintiff's complaint consists principally of conclusory allegations or factual allegations that do not support a specific cause of action. The pleading rules "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.*[2]

---

[2] Even if Plaintiff had alleged sufficient facts to state a claim, Plaintiff also referenced ongoing state court eviction proceedings, which arguably could require the court to dismiss or stay the case in order to abstain from exercising jurisdiction if Plaintiff can raise the federal issues in state court. *See Pasquarelli v. Broadway, Inc.*, No. 1:11-CV-316-GZS, 2011 WL 4352371, at *1 (D. Me. Sept. 15, 2011) ("to the extent that Plaintiff appears to be asking this Court to stop an ongoing state eviction proceeding, a federal court will likely be unable to provide Plaintiff the relief he seeks due to various abstention doctrines"); *Seidel v. Wells Fargo Bank, N.A.*, No. CIV.A. 12-10766-RWZ, 2012 WL 2571200, at *2 (D. Mass. July 3, 2012) ("Federal courts have routinely held that the *Younger* doctrine bars them from enjoining state-court eviction proceedings").

## CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of November, 2022.